## No. 11,559.

### Kortz v. Hoffman, Hall, Garnishee.

Decided October 4, 1926.

Attachment proceeding involving garnishment.  Judgment for garnishee.

*Reversed.*

*On Application for Supersedeas.*

1. Garnishment—*Judgment.*  Where a garnishee's answer contained no basis for the entry of a judgment against him, it was improper for the court to conduct proceedings without notice, enter an ex parte order on the garnishee to pay money into court, and enter judgment against him without giving him an opportunity to be heard.

2. *Subrogation.*  A plaintiff may pay a lien and be subrogated to the rights of a garnishee by complying with section 152 of the 1921 Code.  The provisions of the section may be waived by the garnishee, however, and if he agrees to forego payment of his lien by plaintiff, whereby the latter is lulled into a false sense of security and loses his right of subrogation, the garnishee is estopped to claim that plaintiff did not observe the statute.

3. *Petition to Vacate Judgment—Affidavit.*  In a proceeding to set aside a judgment against a garnishee, it is held that it was not necessary that the petition to vacate should be accompanied by an affidavit, where the irregularities relied upon were fully set forth in the petition, and appeared upon the face of the court records.

4.      *Hearing.*  Where judgment against a garnishee was properly
        set aside for irregularities, plaintiff should have been allowed to
        offer proof showing that the garnishee had a surplus in his hands
        from a sale of defendant's property after satisfying his own lien,
        and upon which he had no claim, and the court's failure in this
        respect constituted reversible error.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. L. J. STARK, Mr. F. A. BOWES, for plaintiff in error.

Mr. WILBUR F. DENIOUS, Mr. CHARLES F. MORRIS, for
garnishee, defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

KORTZ, plaintiff in error and plaintiff in the trial court,
sued Hoffman and wife to obtain a money judgment in
the sum of $2,750, and instituted attachment proceedings
in aid of the main action. Service by publication was ob-
tained on defendants, and one Hall was garnisheed,
under which a judgment was rendered against him in
favor of plaintiff in the sum of $740. The judgment
against the garnishee was afterwards set aside, on ac-
count of which plaintiff assigns error and asks for a
supersedeas.

The case now under consideration is wholly between
Kortz, plaintiff, and Hall, garnishee.

On July 31, 1925, garnishee summons, with interrog-
atories attached, was served on the garnishee. On Au-
gust 21, 1925, he answered, making direct negative re-
plies to all questions as propounded under the Code 1921,
section 136, except to the second. To this, he answered
that he had in possession, "1 V 63 Cadillac coach sub-
ject to chattel mortgage held by us and taken possession
of by mortgagee and advertised for sale thereunder."
This answer was not traversed.

On August 28, 1925, plaintiff filed a verified petition alleging that the amount of the garnishee's claim on the car was $1,160; that it had been sold at public sale by the garnishee for $1,900, leaving a surplus of $740, for which plaintiff prayed judgment against the garnishee. No notice of the petition was given to the garnishee and no evidence taken in support thereof. On the same day that the petition was filed, the trial court issued an ex parte order directing the garnishee to forthwith deposit $740 into the registry of the court. The garnishee did not do this, and it does not appear from the record when he was apprised of the order. For his failure to comply therewith, the court thereafter, on December 15, 1925, gave judgment against him for $740 in plaintiff's favor. The record is also silent as to when the garnishee first knew of the judgment.

On January 11, 1926, the garnishee filed a petition to set aside the judgment, for alleged irregularities therein mentioned, and upon the ground that the judgment was void. The petition was not supported by affidavit or testimony. Plaintiff offered to prove that an agreement existed between himself and the garnishee, to the effect that it would not be necessary for plaintiff to pay the garnishee the amount of his lien to obtain the surplus, but the court refused to hear evidence and it set the judgment aside. This is the matter before us on review.

1. The garnishee's answer does not contain a basis for the entry of any judgment against him, neither was it proper to conduct the proceedings held without notice on August 28, 1925, and to thereby obtain the ex parte order on the garnishee to pay the money into court; nor was it right to later obtain the judgment against him without giving him an opportunity to be heard. The trial court, realizing this, set aside its own orders.

2. A plaintiff may pay a lien and become subrogated to the rights of a garnishee, by complying with Code 1921, section 152, which reads: "When any personal property, choses in action, or effects of the defendant

in the hands of a garnishee are mortgaged or pledged, or in any way liable for the payment of a debt to him, the plaintiff may, under an order of the court for that purpose, pay or tender the amount due to the garnishee, and thereupon the garnishee shall deliver the personal property, choses in action, and effects to the sheriff, as in other cases.''

The plaintiff did not follow the above Code provision, from which counsel for the garnishee argue that both the main case and ancillary garnishment proceedings thereunder fall, defendants having been only constructively served, it being a proceeding in rem, and counsel claim that there being no res to attach, therefore the court is without jurisdiction, and the court so held in its final order vacating the judgment. Counsel for the garnishee also argue that the garnishment summons was ineffective to reach the money derived from the sale of the car, because such money was received after the service of the garnishment process on July 31, 1925.

But even if we assume that all of these defenses are ordinarily good—are they available to the garnishee if it be true, as his answer shows, that a sale of the car was pending, and, as plaintiff wanted to prove, but was refused permission so to do, that the garnishee waived compliance with section 152, above quoted? If the garnishee did this, so that plaintiff, lulled into a sense of false security, did not pursue his statutory remedies, the waiver was equivalent to performance, and plaintiff's right of subrogation was not lost. If the garnishee made such an agreement, he is estopped to claim that plaintiff did not observe the statute, when the court's full activities in a matter before it, that would give the court all necessary powers, were halted by the garnishee himself. The garnishee, as mortgagee, had no interest in the car in excess of his own claim, and the refusal of the court to permit evidence as to the agreement said to exist was prejudicial to plaintiff's rights.

3. Counsel for plaintiff think that the petition to set aside the judgment against the garnishee should have been accompanied by an affidavit supporting it, showing a meritorious defense.  Conceding this to be the usual requirement, it was not so here, because all that the garnishee relied upon was fully set forth in his petition and were matters of record, showing his non-liability, from his viewpoint; the irregularities were apparent upon the face of the record, as was also the want of authority to make the orders, in the absence of the agreement referred to; no evidence aliunde was required; an affidavit would only have supported the court record, which was unnecessary.

4. The court did not abuse its discretion in vacating the judgment, but when it did so, plaintiff's offer of proof as to the matter which we have held to be material should have been allowed.  Holding these views, we do not regard it as necessary to discuss other points raised.

The supersedeas will be denied, the judgment reversed, and the cause remanded for a new trial.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL not participating.